IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SUSAN M. QUINTANA,

        Plaintiff,

vs.                                                   CIV No. 13-783 CG

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's *Motion to Reverse and Remand for Rehearing, with Supporting Memorandum* ("Motion"), filed on March 10, 2014, (Doc. 22); Defendant's *Brief in Response to Plaintiff's Motion to Reverse and Remand for Rehearing* ("Response"), filed on May 12, 2014, (Doc. 23); and Plaintiff's *Reply in Support of Motion to Reverse and Remand for Rehearing* ("Reply"), filed on June 12, 2014. (Doc. 24).

On August 27, 2009, Susan M. Quintana filed an application for supplemental social security benefits, alleging disability beginning May 23, 2009. (Administrative Record ("AR") 133–40). Her application was denied on December 17, 2009, (AR 71–74), and also upon reconsideration on August 10, 2010. (AR 81–84). Ms. Quintana filed her request for a hearing on September 28, 2010, (AR 85–87); a hearing was held on December 13, 2011 before Administrative Law Judge ("ALJ") Ann Farris. (AR 27–61). Ms. Quintana and Judith Beard, an impartial vocational expert, testified at the hearing. (*Id.*) The ALJ issued her opinion on March 16, 2012, finding that Ms. Quintana was not disabled under 20 C.F.R. § 416.920(f). (AR 12–22). Ms. Quintana filed an application for review by the Appeals Council, which was summarily denied, (AR 1–6), making the

decision of the ALJ the final decision of the Commissioner of the Social Security Administration (the "Commissioner") for purposes of this appeal.

Ms. Quintana complains that the ALJ committed reversible, legal error by: (i) failing to properly consider her obesity at steps three and four of the sequential evaluation process; (ii) formulating a residual functional capacity ("RFC") finding that did not account for all of her non-exertional limitations; (iii) finding that Ms. Quintana could perform her past relevant work as a courier; and (iv) failing to make specific findings as to the physical and mental demands of Ms. Quintana's past relevant work. (Doc. 22).

The Court has reviewed the Motion, the Response, the Reply, and relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record. Because the ALJ failed to make proper findings or provide the appropriate analysis concerning Ms. Quintana's obesity at either step three or four, the Court finds that the Motion shall be **GRANTED** and the case **REMANDED** to the Commissioner for further proceedings.

## I. Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)). If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). A

court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, not the Appeals Council's denial of review. 20 C.F.R. § 404.981; *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II. Applicable Law and Sequential Evaluation Process

For purposes of disability insurance benefits ("DIB") and supplemental security income ("SSI"), a person establishes a disability when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). In light of this definition for disability, a five-step sequential evaluation process has been established for evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the SEP, the claimant has the burden to show that: (1) she is not engaged in "substantial gainful activity"; that (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) her impairment(s) either meet or equal one of the "Listings"[1] of presumptively disabling impairments; or (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If the ALJ determines the claimant cannot engage in past relevant work, she will proceed to step five of the evaluation process. At step five the burden of proof shifts to the Commissioner to show the claimant is able to perform other work in the national economy, considering her residual functional capacity, age, education, and work experience. *Grogan*, 399 F.3d at 1257.

### III. Background

Ms. Quintana initially applied for disability benefits alleging she was afflicted with a brain tumor, vertigo, hearing and vision problems, a back injury, high blood pressure, and stomach problems. (AR 156).

At step one, the ALJ determined that Ms. Quintana had not engaged in substantial gainful activity since August 27, 2009. (AR 14). She proceeded to step two, and concluded that Ms. Quintana was severely impaired by hearing loss with vertigo, obesity,

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

and depression, and that those impairments "cause more than minimal limitations on [her] ability to perform basic work-related activities." *Id*. The ALJ also found Ms. Quintana's medically-determinable impairments of hypertension and osteoarthritis of the cervical spine to be "non-severe," because they were well-managed and caused minimal limitations. (AR 14–15).

The ALJ proceeded to step three. First, the ALJ decided that none of Ms. Quintana's impairments, solely or in combination, met or medically equaled one of the listed impairments in 20 CFR §§ 416.920(d), 416.925, and 416.926 (the "Listings"). (AR 15). The ALJ specifically considered whether Ms. Quintana's impairments satisfied the criteria of listings 2.07 (hearing loss with vertigo), 2.08 (hearing impairments)[2], or 12.04 (affective disorders). The ALJ also noted that she had reviewed Ms. Quintana's obesity alone and in combination with her other conditions pursuant to Social Security Ruling ("SSR") 02-1p, 2002 WL 34686281 (Sept. 12, 2002). (AR 15–17). Pursuant to her analysis of Ms. Quintana's depression under listing 12.04, the ALJ found that Ms. Quintana had mild limitations in activities of daily living and social functioning, and moderate difficulties in the areas of concentration, persistence, and pace. (AR 16).

The ALJ then considered all of the evidence in the record concerning Ms. Quintana's impairments, and formulated the RFC. The ALJ found that Ms. Quintana could perform a limited range of light work, as defined in 20 C.F.R. § 416.967(b), except that she: (i) can only occasionally climb, balance, and stoop; (ii) can never kneel, crouch,

---

[2] The Administration revised the listings for hearing impairments, "removing the requirement for testing with hearing aids and replacing listings 2.08 and 102.08 with new listings 2.10 and 102.10, respectively." SOCIAL SECURITY ADMINISTRATION, *Disability Determination Services (DDS) Medical Evaluation Criteria to Determine Applicability of Res Judicata*, PROGRAM OPERATIONS MANUAL SYSTEM (POMS) No. DI 27516.010, (Apr. 11, 2013), *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0427516010. The new regulation became effective August 2, 2010. *Id.*

or crawl; (iii) must work in an environment with only moderate noise levels; (iv) must avoid exposure to hazardous conditions, including unprotected heights and dangerous machinery; and (v) can perform only simple, routine tasks. (AR 17–21).

Next, the ALJ inquired whether Ms. Quintana would be able to perform her past relevant work as a courier based on the RFC finding. (AR 21–22). The VE testified at the hearing that Ms. Quintana's past work as a courier is classified as unskilled, light work, and that an individual with Ms. Quintana's same age, education, work experience, and RFC could perform the job of courier. (AR 55–56). After finding the vocational expert's testimony to be consistent with the Dictionary of Occupational Titles, the ALJ determined that Ms. Quintana could perform the work as a courier as it is generally performed. (AR 21–22).

The ALJ concluded that because Ms. Quintana could perform her past relevant work, she was not disabled pursuant to 20 C.F.R. § 416.920(f). (AR 22).

**IV. Analysis**

In her Motion, Ms. Quintana alleges the ALJ committed several reversible errors. Ms. Quintana contends that: (i) the ALJ erred in considering her obesity at step three and in formulating the RFC; (ii) the ALJ failed to properly assess all of her non-exertional limitations; (iii) the ALJ improperly found that she is able to perform her past relevant work as a courier; and (iv) the ALJ did not make specific findings as to the physical and mental demands of Ms. Quintana's past relevant work. (Doc. 22).

The Commissioner responds that the ALJ properly considered Ms. Quintana's obesity in determining that she did not have an impairment, or combination of impairments, that satisfy any of the listing criteria. (Doc. 23 at 4). The Commissioner also

maintains that if the ALJ committed any legal error, it was harmless. (*Id.* at 4). The Commissioner further argues that the RFC adequately accommodated the evidence of Ms. Quintana's limitations caused by her obesity, and as well as in the areas of concentration, persistence, and pace. (*Id.* at 4–10). Lastly, the Commissioner contends that the ALJ properly relied on the VE's testimony in finding that Ms. Quintana can perform her past relevant work. (*Id.* at 10–11).

  A. <u>*Challenges to the ALJ's Findings Concerning Ms. Quintana's Obesity*</u>

The Court will address the ALJ's consideration of Ms. Quintana's obesity at both steps three and four. Ms. Quintana asserts that the ALJ committed legal error by failing to properly discuss and recognize all of the functional limitations caused by her obesity at steps three and four of the sequential analysis. (Doc. 22 at 3–8). Specifically, Ms. Quintana alleges that the ALJ ignored the evidence of her obesity and its effect on her severe and non-severe impairments, making anemic findings that are beyond meaningful judicial review. (*Id.* at 5). Further, she maintains that the ALJ did not link the RFC finding with specific evidence in the record concerning her obesity. (*Id.* at 5–8).

The Commissioner responds that the ALJ properly discussed the effects of Ms. Quintana's obesity. The Commissioner maintains that there is no evidence in the record indicating that Ms. Quintana has additional restrictions in her functioning as a result of her obesity, other than those identified by the ALJ. (Doc. 23 at 4–6). The Commissioner reasons that any error the ALJ made in her analysis of Ms. Quintana's obesity at step three was therefore harmless. (*Id.*)

An ALJ must consider the effects of a claimant's obesity when she assesses both the severity of the claimant's impairments and the RFC because "the combined effects of

obesity with other impairments can be greater than the effects of each of the impairments considered separately." *Titles II & XVI: Evaluation of Obesity*, Social Security Ruling ("SSR") 02–1p, 2002 WL 34686281, at *1 (Sept. 12, 2002).

### 1. *The ALJ's Consideration of Obesity at Step Three*

At step three, the ALJ determines whether the claimant's impairment or combination of impairments either meet or equal one of the "listings" of presumptively disabling impairments. 20 C.F.R. § 416.920(a)(4)(iii). Here the ALJ found that Ms. Quintana's impairments did not meet the severity of the listings for hearing loss with vertigo, hearing impairments, or affective disorder. Regarding Ms. Quintana's obesity, the ALJ only stated that she considered her obesity pursuant to SSR 02-1p, and that "Ms. Quintana's obesity, either alone or in combination with her other conditions, does not meet or equal a listing level impairment." (AR 16).

While there is no listing for obesity, an individual with obesity will meet the requirement of a listing if she has another "impairment that, in combination with obesity, meets the requirements of a listing." SSR 02-1p, 2002 WL 34686281 at *5. Obesity may increase the severity of coexisting or related impairments, especially in the case of musculoskeletal, respiratory, and cardiovascular impairments, and mental disorders. *Id*. Each disability claim should be evaluated on a case-by-case basis on the information in the case record. *Id*. at *6.

The ALJ found that along with obesity and hearing loss with vertigo, Ms. Quintana was also severely impaired with depression. A claimant's obesity may cause or contribute to depression, and also increase the severity of the claimant's depression. SSR 02-1p, 2002 WL 34686281 at *3, *5. The ALJ also determined that Ms. Quintana

was afflicted with osteoarthritis, which caused her back and cervical pain. An individual with both obesity and arthritis may have more pain and limitation than might be expected from the arthritis alone. *Id.* at *6.

The ALJ's lone conclusory sentence concerning obesity does not demonstrate the ALJ considered the effect of Ms. Quintana's obesity on her other impairments. Therefore the ALJ's finding that Ms. Quintana did not satisfy any of the listings at step three is not supported by substantial evidence. Even though a claimant bears the burden of proof at step three, the ALJ must explain why a claimant does not meet a listing. *Clifton v. Chater,* 79 F.3d 1007, 1009–1010 (10th Cir.1996) (noting that under 42 U.S.C. § 405(b)(1), an ALJ is required to discuss the relevant evidence relied upon, and the legal standards she applied, at step three). Here, the ALJ failed to provide the appropriate analysis of the effect Ms. Quintana's obesity had on any of her other impairments. Therefore the ALJ legally erred in her consideration of Ms. Quintana's obesity. *See id.*

2.  *The ALJ's Consideration of Ms. Quintana's Obesity at Step Four*

The Commissioner contends that any error committed at step three was harmless, because the ALJ properly analyzed the effects of Ms. Quintana's obesity on her functioning at step four. The Commissioner is correct that an ALJ's findings at other steps of the sequential evaluation process "may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). A remand for a more thorough discussion of the listings is not required "when confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three

determination under review." *Id.* at 734. If the ALJ's findings "conclusively preclude Claimant's qualification under the listings at step three such that no reasonable factfinder could conclude otherwise, then any step three error is harmless." *Murdock v. Astrue*, No. 11-5079, 458 Fed. Appx. 702, 704 (10th Cir. Jan. 13, 2012) (unpublished) (citing *Fischer-Ross*, 431 F.3d at 735) (internal quotations omitted).

However, as explained above, Ms. Quintana also alleges that the ALJ failed to properly consider the limiting effects of her obesity in making the RFC finding. The RFC finding is a function-by-function assessment, based on how the claimant's functional physical and mental limitations, resulting from her impairments, affect her ability to work. *See* 20 C.F.R. § 416.945(a)(1); *see also Policy Interpretation Ruling Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8p, 1996 WL 374184, at *1, *3 (July 2, 1996). The RFC represents the claimant's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, meaning eight hours a day for five days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184 at *7. When a claimant has obesity, the ALJ must also determine whether the claimant is able to perform routine movement and necessary physical activity within the work environment, accounting for fatigue which "may affect the individual's physical and mental ability to sustain work activity." SSR 02-1p, 2002 WL 34686281 at *6.

The ALJ found Ms. Quintana to be capable of doing a restricted range of light work. Light work is work which requires lifting or carrying no more than 20 pounds at a time frequently, and lifting or carrying no more than 10 pounds occasionally. *Titles II & XVI: Determining Capability to Do Other Work—the Medical-Vocational Rules of*

*Appendix 2*, SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983). It also requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. *Id.* at *6. The ALJ further limited Ms. Quintana to only occasional climbing, balancing, and stooping, and found that she could never kneel, crouch, or crawl.

In making the RFC finding, the ALJ made note of Ms. Quintana's height and weight as recorded by physicians on March 22, 2007, November 5, 2009, and October 31, 2010. (AR 258, 332, 339). She commented that consulting physician Karl Moedl, M.D. had observed upon examination of Ms. Quintana that she "had no difficulty moving around the room or getting on and off the examining table." (AR 258). The ALJ concluded that "there is no evidence that [Ms. Quinana's] obesity has caused joint problems or has affected her in any other way," and that the RFC is supported by the "lack of any showing of the effects of obesity on her functioning." (AR 20, 21).

At the same time, the ALJ also determined that Ms. Quintana's obesity was one of the reasons for ascribing a more restrictive RFC. (AR 21). The State agency consulting physicians opined that Ms. Quintana was able to do a full range of medium work. (AR 276–82, 329). The ALJ afforded their opinions only little weight and concluded Ms. Quintana capable of a reduced range of light work, in consideration of "Ms. Quintana's allegations of pain and her obesity." (AR 21). The ALJ also found Ms. Quintana's obesity to be a severe impairment, meaning that Ms. Quintana's obesity was found to significantly affect her ability to do basic work activities.[3]

Thus, in some portions of the decision the ALJ concluded that Ms. Quintana's

---

[3] A claimant is only found to have a severe impairment of obesity "when, alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities." SSR 02-1p, 2002 WL 34686281 at *4.

11

obesity had a significant effect on her RFC, while in others she found that Ms. Quintana's obesity had no effect on her ability to function. The Court is unable to follow the ALJ's reasoning because of these facially inconsistent findings. Further, the ALJ's analysis of the evidence does not demonstrate she considered Ms. Quintana's ability to perform sustained routine movement and physical activity and propensity for fatigue in light of her obesity. *See* SSR 02-1p, 2002 WL 34686281 at *6.

The Commissioner offers various explanations as to how the medical evidence supports the ALJ's findings, and asserts that Ms. Quintana did not satisfy her burden of proving her obesity affected her functional limitations to a disabling degree. (Doc. 23 at 4–5). However, none of the evidence or reasons set forth by the Commissioner were cited by the ALJ. The Court may not adopt post-hoc rationalizations to support the ALJ's decision which are not apparent from the decision itself. *Haga v. Astrue*, 482 F.3d 1205, 1207–08 (10th Cir. 2007). Therefore, the Court finds that the ALJ did not properly explain how she considered Ms. Quintana's obesity in assessing the severity of Ms. Quintana's impairments and determining the RFC.

After finding that Ms. Quintana's obesity was a severe impairment, the ALJ had an obligation to explain how she considered that impairment at steps three and four of the sequential analysis. The Court is unable to assess whether relevant evidence adequately supports the ALJ's conclusion, or whether the correct legal standards were applied in the absence of any findings linked to specific evidence. *See Clifton*, 79 F.3d at 1009. The Court is therefore unable to engage in meaningful judicial review of the ALJ's decision.

## V. Conclusion

The case must be remanded so that the ALJ may clarify her findings regarding Ms. Quintana's obesity, and set out her specific findings and reasons for accepting and rejecting evidence related to Ms. Quintana's obesity at step three. The Court does not decide any other issue raised by Ms. Quintana on appeal, as these matters are mooted by the proceedings conducted or the disposition reached on remand.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Reverse and Remand for Rehearing, with Supporting Memorandum*, (Doc. 22), be **GRANTED** and that this case be **REMANDED** to the Commissioner for further proceedings.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE