IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SUSAN M. QUINTANA,

        Plaintiff,

v.                                                 CIV No. 13-783 CG

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

        Defendant.

## ORDER GRANTING APPLICATION FOR ATTORNEY FEES

**THIS MATTER** comes before the Court on Plaintiff's *Motion for an Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b), with Supporting Memorandum* (the "Motion"), (Doc. 36), filed October 10, 2016; and *Defendant's Response to Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b)* (the "Response"), (Doc. 29), filed October 24, 2016. Plaintiff's attorney, Gary Martone ("Plaintiff's Counsel"), moves the Court for an order authorizing attorney fees in the amount of $7,853.75 for legal services rendered before this Court. (Doc. 36 at 1). Defendant sets out the relevant legal standards the Court should use in deciding Plaintiff's Motion, but declined to take a position with regard to the reasonableness of the requested award. (Doc. 37 at 1). Having reviewed the parties' filings, the relevant law, and otherwise being fully advised in the premises, the Court finds that Plaintiff's motion is well-taken and that it shall be **GRANTED**.

I.     **Procedural Background**

Plaintiff instituted an action in this Court on August 21, 2013, seeking judicial review of Defendant's denial of her application for Social Security disability benefits. (Doc. 1). On January 12, 2015, this Court granted Plaintiff's request for relief, and remanded the case to the Commissioner for further proceedings. (Doc. 31). Plaintiff subsequently filed a motion seeking attorney fees in the amount of $4,002.90 pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 29). That motion was granted on April 9, 2015. (Doc. 35). However, those fees were intercepted by the Department of Treasury for Plaintiff's student loan debt. (Doc. 36 at Ex. D).

Upon remand, Defendant determined Plaintiff to be disabled, entered a fully favorable decision, and awarded Plaintiff past-due benefits. (Doc. 36 at Ex. A). Defendant failed to advise Plaintiff's Counsel of the 25% of back benefits being withheld from Plaintiff's total benefit amount pending an award of attorney fees pursuant to 42 U.S.C. § 406(b); however, Plaintiff's Counsel and the Court calculated the proper total.[1] (Doc. 36 at 1). Plaintiff requests that the Court authorize the $7,853.75 being withheld as attorney fees for legal services provided before this Court.[2]

II.    **Analysis**

When a court renders a judgment favorable to a social security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for

---

[1] The Commissioner withholds twenty-five percent of past due benefits for a potential award of attorney fees pursuant to 42 U.S.C. § 406(b). In this case, the past due benefits totaled $55,415.00. (Doc. 36 at Ex. B). Twenty-five percent of the past due benefits, $13,853.75, less the $6,000.00 that the Administrative Law Judge authorized to be paid for work performed by counsel before the Administration, totals $7,853.75. Plaintiff's Counsel also notes that Plaintiff erroneously paid him an additional $1,937.75, which he refunded to Plaintiff. (Doc. 36 at 1-2).

[2] Plaintiff entered into a contingency fee arrangement with Mr. Martone wherein she agreed that he would receive twenty-five percent of any past due benefits received from the agency in the event of a favorable agency decision. (Doc. 36 at Ex. C).

such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of the past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933–34 (10th Cir. 2008).  If fees are awarded under both the EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id.* at 934. The court may award fees under § 406(b) when "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart,* 450 F.3d 493, 495–96 (10th Cir. 2006).

Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) also requires the court to act as "an independent check" to ensure that fees are reasonable even if they are less than 25 percent of past-due benefits, because there is no presumption that 25 is reasonable. *Id.* at 807 n.17. Counsel has the burden of demonstrating the reasonableness of the fees. *Id.* at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808.  Factors relevant to the reasonableness of the fee request include: i) whether the attorney's representation was substandard; ii) whether the attorney was responsible for any delay in the resolution of the case; and iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and

a statement of the lawyer's normal hourly billing rate for non-contingency fees cases. *Id.* The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit, however, has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw,* 450 F.3d at 505.

In this case, the Court finds that Plaintiff's Counsel's representation of Plaintiff was more than adequate. Counsel has represented Plaintiff since February 2010, obtained a fully favorable decision for Plaintiff, and did not delay the proceedings before this Court in any way. The instant motion was filed within eight months of Plaintiff receiving notice that she was entitled to past-due benefits. (Doc. 36 at Ex. B). The Court finds this to be a reasonable amount of time.

Moreover, the requested fee is not disproportionately large in comparison to the amount of time spent on the case, given Plaintiff's Counsel's experience working on Social Security cases. (Doc. 36 at Ex. E). Plaintiff's Counsel documented 21.8 total hours of attorney hours in representing Plaintiff before this Court. (*Id.*).  Awarding counsel the requested $7,853.75 would result in an average hourly fee of $360.26 for attorney work performed before this Court. The Court notes that this fee is relatively high in light of Counsel's statements to the Court pursuant to Plaintiff's motion for EAJA fees, wherein Plaintiff's Counsel asserted that $187 per hour and $188 per hour were the reasonable EAJA fees for work they performed in years 2013 and 2014, respectively. (Doc. 24 at Ex. A, B, & C). The Court granted EAJA fees based on those representations. Here, the § 406(b) fee award that is being requested is almost twice more than the purported "reasonable hourly EAJA fee" for work performed by Plaintiff's Counsel in 2013 and 2014.

However, considering Plaintiff's Counsel's experience and reputation in Social Security representation, and the fact that this fee award is within the range of other fee awards authorized in this District under § 406(b), the Court finds that the fee requested is reasonable. *See, e.g.*, *Marquez v. Astrue*, Civ. 10-1165 CG (Doc. 30) (awarding $10,015 for 18.9 hours, or $529.00 per hour); *Montes v. Barnhart*, Civ. 01-578 BB/KBM (Doc. 22) (fees awarded pursuant to § 406(b) translated to $701.75 per hour); *Ferguson v. Barnhart*, Civ. 02-823 KBM (Doc. 29) (awarding $ 7,000 for 13.55 hours, or $ 516.60 per hour). The Court again notes that Defendant does not take a position for or against this Motion, and it is the duty of the Court to determine whether the fees are reasonable. (Doc. 37).

### III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for an Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b), with Supporting Memorandum*, (Doc. 36), be **GRANTED**. Plaintiff's Counsel is awarded $7,853.75 for legal services rendered before this Court

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE